**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| GENEVIEVE LOWERY | CIVIL ACTION NO. 11-1491 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MCELROY METAL MILL, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Plaintiff Genevieve Lowery's ("Lowery") Motion for Decision on Stipulated Record. See Record Document 25. Both Defendant United of Omaha Life Insurance Company ("United") and Defendant McElroy Metal Mill, Inc. ("McElroy Metal") opposed the motion and also filed Cross Motions to Dismiss Plaintiff's Claim. See Record Documents 27 & 29.[1] The Court also has before it the Joint Stipulation of Facts, the relevant plan documents, and the administrative record. See Record Documents 19 & 36. For the reasons set forth below, all of Lowery's claims against United and McElroy Metal are **DISMISSED**.

**I.   BACKGROUND**[2]

United issued a Master Policy for disability benefits to McElroy Metal pursuant to policy number GUG-937J. See Record Document 19 at ¶ 1. The policy provided coverage to Lowery through her employment with McElroy Metal. See id. at ¶ 2. Lowery last worked for McElroy Metal on August 27, 2010, in the position of Estimator II, which is classified as

---

[1]In its motion, McElroy Metal maintains that it has no liability for paying disability benefits and expressly adopts/incorporates the arguments of United. See Record Document 29-1 at 1-2.

[2]The facts set forth in the Background Section are primarily drawn from the joint stipulation (Record Document 19) submitted by the parties and from documents contained in the administrative record (Record Document 36).

a "Light Strength Duty" job. See id. at ¶ 3.

Lowery was a participant in the aforementioned disability benefit plan sponsored by McElroy Metal. See id. at ¶ 4. The disability benefits under the plan were provided by a policy of insurance issued by United, Group Policy No. GLTD-937. See id. The disability benefits under the applicable plan were fully insured by United. See id. at ¶ 6. United, as the administrator, made all decisions regarding the acceptance or denial of disability claims and other benefits determinations. See id. at ¶ 7. McElroy Metal played no decision-making role regarding disability benefits. See id. at ¶ 8.

On August 28, 2010, upon referral from Dr. Huan Le, Lowery was hospitalized at Willis-Knighton South in the Behavioral Medicine unit. See id. at ¶ 10; Record Document 36 at 000272-000273. She complained of "crying all the time"; described herself as being "overpowered by stress"; and stated that she had "become overwhelmed by her job." Id. at 000272. At the time of admission, Lowery "appeared sad and had a strong depressed mood." Id.

Lowery was discharged, at her request, on September 2, 2010. See Record Document 19 at ¶ 10; Record Document 36 at 000273. At discharge, the treating physician stated that "she was alert and responsive"; "was improved"; "was not suicidal, homicidal or gravely disabled." Record Document 36 at 000273. She never returned to her employment as an Estimator II for McElroy Metal.

On September 10, 2010, Lowery completed and submitted to United a short-term disability claim form, seeking payment of short-term disability benefits under the terms of

the policy. See Record Document 19 at ¶ 9.[3] She was granted a month of benefits post-discharge, from September 4, 2010 through September 28, 2010, to establish care and to obtain outpatient services. See id. at ¶ 11.[4] In order to review Lowery's claim for disability benefits, United obtained certain information from Lowery as well as other medical data about Lowery. See id. at ¶ 12. United's initial determination was based on its review of the following:

– Short Term Disability Claim Form, Part I-Employee Statement, Part II-Employer Statement and Part III-Attending Physician Statement signed September 21, 2010 by Huan Le, internal medicine.

– Letters from Kim Cunningham, LPC LMFT, LAC dated September 15, 2010, and October 25, 2010.

– Mental Status Report completed September 30, 2010 by Michael Bell, MD.

– Letter from Michael Bell, MD, dated October 5, 2010.

– Records from Dr. Bell dated September 21, 2010 and September 29, 2010.

– Records from Dr. Huan Q. Le dated April 16, 2010 through October 26, 2010.

– Records from Willis-Knighton South dated August 28, 2010 through September 2, 2010.

Id. at ¶ 13. United ultimately denied Lowery's application and by correspondence dated November 9, 2010, her claim for disability benefits was denied from September 29, 2010 forward. See id. at ¶¶ 12, 14. The denial was based on the following policy language:

. . . Disability and Disabled mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has

---

[3] Lowery never submitted any claim for long-term disability benefits.

[4] The elimination period was August 28, 2010 to September 4, 2010. See Record Document 19 at ¶ 11.

occurred in which You are:

– Prevented from performing at least one of the Material Duties of Your Regular Job on a part-time or full-time basis; and

– Unable to generate Current Earnings which exceed 99% of Your Weekly Earnings due to that same Injury or Sickness

Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with Your employer.

Id. at ¶ 15.

On November 29, 2010, Lowery appealed United's initial decision to deny short-term disability benefits. See id. On March 28, 2011, Lowery's former attorney, William R. Long ("Long"), forwarded additional records to United. See id. at ¶ 16. These records included documents from:

(1) Dr. Huan Le (Tri-State Medical Clinic) dated August 27, 2010, September 10, 2010, October 26, 2010, and October 29, 2010;

(2) Dr. Kathryn Kennedy dated November 29, 2010 and December 13, 2010;

(3) Dr. Tena Malone dated February 16, 2011; and

(4) Cypress Vocational Solutions, LLC, Chris Babin, rehabilitation counselor dated March 28, 2011.

Id. at ¶ 16. Long also notified United on March 28, 2011, via facsimile, that Lowery had been "verbally advised by a representative of the Social Security Administration's on March 25, 2011, that she was approved for Social Security Disability Insurance Benefits." Id. at ¶ 17; Record Document 36 at 000130. He also advised United that Lowery was to be evaluated by Dr. Richard Williams, a psychiatrist, on March 29, 2011. See id.

On March 29, 2011, United responded to Long and stated that Lowery's appeal was currently in review. See Record Document 36 at 000127. United asked that Long forward

a copy of the award letter for Social Security Disability benefits and a copy of the report from Dr. Richard Williams. See id.

On April 6, 2011, United informed Lowery that the review of her appeal was completed and the denial of the claim for additional short-term disability benefits was appropriate. See Record Document 19 at ¶ 18. Specifically, United stated:

> No restrictions or limitations can be assigned from a psychiatric perspective that would have prevented Ms. Lowery from doing her light duty strength job from September 29, 2010 forward. Therefore, this claim has been denied.
>
> At this time, you have exhausted all administrative rights to appeal. United . . . will conduct no further review of the claim and the claim will be closed.

Id. at ¶ 24; see also Record Document 36 at 000126. To reach its April 6, 2011 decision, United reviewed the following documents:

– STD Claim Form, 9/10/10

– STD Employer's Statement, 9/2/10

– STD Physician's Statement, 9/21/10

– Behavioral health attending physician statement, Dr. Kathryn Kennedy, 2/1/11

– Records of Michael Bell, MD, Psychiatrist, 9/21/10 and letter from 10/5/10

– Letters from Kim Cunningham, LPC, LMFT, LAC, Therapist, 9/15/10, 10/25/10 & 12/26/10

– Records of Huan Lee, MD, Internist, 4/6/10-10/26/10

– Records of Kathryn Kay Kennedy, MD, Psychiatrist, 11/29/10-12/3/10

– Records of T.L. Malone, Ph.D., Psychologist, 3/4/11

– Vocational Rehabilitation Report, 3/28/11

– Pharmacy Record

      – Appeal letter from Genevieve Lowery, 11/29/10

      – Letter from Attorney, 3/28/11.

Record Document 19 at ¶ 19.

On April 12, 2011, Long sent correspondence, via facsimile, to United stating that he was attaching the report of Dr. Richard Williams dated March 29, 2011 as well as the Social Security Award Notification concerning Lowery dated March 28, 2011. See id. at ¶ 20. On April 13, 2011, United sent correspondence to Long stating that Dr. Williams' report was reviewed and did not change the previous claim decision of April 6, 2011. See id. at ¶ 21. United also informed Long that the Social Security Award Notification had not been included with his April 12th letter. See id.

On April 27, 2011, Long faxed the Social Security Award Notification to United. See id. at ¶ 22. The parties disagree as to whether the Award Notification (Record Document 36 at 000100-000105) should be included as part of the administrative record. See id. at ¶ 23. Lowery argues that the administrative record to be considered for review by this Court should include the Award Notification, as United was aware of the existence of such award at the time it rendered its April 6, 2011 decision. See Record Document 25-1 at 4. Conversely, United contends that it was under no obligation to consider the Award Notification because it was not received until nearly a month after the administrative record has been closed and the appeal was decided. See Record Document 27 at 9. Lowery filed the instant lawsuit on July 25, 2011, appealing United's denial of additional short-term disability benefits. See Record Document 19 at ¶ 25.

II.  LAW AND ANALYSIS

   A.  Standard of Review Under the Employee Retirement Income Security Act ("ERISA").

ERISA authorizes a civil action by a participant "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). The standard of review in an ERISA case is governed by the language of the plan at issue. Generally, a denial of benefits under an ERISA plan is reviewed under a *de novo* standard. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 956 (1989). Courts are to apply an abuse of discretion standard, however, when "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 115, 109 S.Ct. at 956–957. Here, the policy specifically and expressly conferred discretionary authority upon United. See Record Document 36 at 000009. Therefore, the abuse of discretion standard applies. Additionally, regardless of the administrator's ultimate authority to determine benefit eligibility, factual determinations made by the administrator during the course of a benefits review should be reviewed for an abuse of discretion. See Chacko v. Sabre. Inc., 473 F.3d 604, 609–610 (5th Cir. 2006); McCall v. Burlington Northern/Santa Fe Co., 237 F.3d 506, 512 (5th Cir. 2000).

An "administrator abuses its discretion where the decision is not based on evidence, even if disputable, that clearly supports the basis for its denial." Holland v. Int'l Paper Co. Retirement Plan, 576 F.3d 240, 246 (5th Cir.2009). "If the plan fiduciary's decision is supported by substantial evidence and is not arbitrary or capricious, it must prevail." Schexnayder v. Hartford Life & Acc. Ins. Co., 600 F.3d 465, 468 (5th Cir.2010). "Substantial evidence is more than a scintilla, less than a preponderance, and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Anderson v. Cytec Indus., Inc., 619 F.3d 505, 512 (5th Cir.2010). The administrator's decision is arbitrary "only if made without a rational connection between the known facts and the decision or between the found facts and the evidence." Holland, 756 F.3d at 246–247. Under the abuse of discretion standard, a court's "review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness—even if on the low end." Holland, 576 F.3d at 247.

### B.    United's Determination in Light of the Administrative Record.

In evaluating whether an administrator abused its discretion in making a factual determination, a district court may only consider the evidence that was available to the administrator at time of the decision. See Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 102 (5th Cir.1993); see also Meditrust Fin. Servs., Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999). Evidence which was not a part of the administrative record cannot be admitted in the district court to resolve a factual issue which the administrator relied upon when resolving the merits of the claim. See Vega v. National Life Ins. Serv., Inc., 188 F.3d 287, 289, *abrogated on other grounds by* Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 125 S.Ct. 2343 (2008).[5]  As the Fifth Circuit clarified:

> [A] district court must inquire only whether the record adequately supports the administrator's decision; from that inquiry it can conclude that the

---

[5] "Vega continues to be good law for propositions unrelated to the 'sliding scale' method of reviewing alleged conflicts of interest." McDonald v. Hartford Life Group Ins. Co., 361 F.App'x 599, 606 (5th Cir. 2010).

administrator abused its discretion if the administrator denied the claim [w]ithout some concrete evidence in the administrative record.

Gooden v. Provident Life & Accident Ins. Co., 250 F.3d 329, 333 (5th Cir. 2001).

### C. Conflict of Interest.

In Glenn, 554 U.S. at 115, 128 S.Ct. at 2350, the Supreme Court stated that a structural conflict of interest created by the administrator's dual role in making benefits determinations and funding the benefit plan "should be taken into account on judicial review of a discretionary benefit determination."  "If the administrator has a conflict of interest, [the court should] weigh the conflict of interest as a factor in determining whether there is an abuse of discretion in the benefits denial, meaning [the court should] take account of several different considerations of which conflict of interest is one."  Holland, 576 F.3d at 247.  The weight that this conflict will have relative to other factors changes, however, depending on the circumstances of a particular case. See Glenn, 554 U.S. at 116, 128 S.Ct. at 2350–2351.  If claimants do not present evidence of the degree of the conflict, the court will generally find that any conflict is "not a significant factor." Holland, 576 F.3d at 249 (finding that where claimant "adduced no evidence . . . that [administrator's structural] conflict affected its benefits decision or that it had a history of abuses of discretion," any conflict was insignificant in abuse of discretion analysis).

Here, Lowery briefly noted an administrator's conflict of interest as a factor to be considered but she has not pointed to any specific evidence of a history of abuses of discretion or biased claims administration on the part of United.  She has likewise failed to specifically allege how United's structural conflict of interest may have affected its benefits decision in this particular case. Therefore, to the extent that United's dual role as both

insurer and administrator may create a conflict, that conflict is not a significant factor that would justify a change in the standard of review.[6]

### D. Analysis of Lowery's Claim.

Lowery contends that United's determination was not legally correct and was unreasonable. See Record Document 25-1 at 3. Alternatively, she maintains that the decision was an abuse of discretion. See id. The crux of her argument is that United "did not give any consideration to the Social Security Administration's determination of disability" and "chose to deny the claim, rather than request the Social Security information which they had been timely notified of." Id. She believes that United's failure to acknowledge the Social Security Administration's disability award was "procedurally unreasonable." Id. at 3. She further contends that United failed to timely notify her or provide her notice that the Social Security information was missing. See id. Finally, she argues that there is not substantial evidence in the record to support United's decision that she is not disabled. See id. at 4.

United's decision that Lowery was not disabled under the terms of the policy was a factual determination. See Meditrust Fin. Servs., 168 F.3d at 214. This factual determination was supported by the following concrete evidence contained in the administrative record at the time of United's April 6, 2011 decision:

August 27, 2010:            Lowery returned to Dr. Le claiming that she had

---

[6]The court is cognizant of the Fifth Circuit's finding in Schexnayder that failure to address a contrary SSA award can suggest "procedural unreasonableness" in an administrator's decision and that this procedural unreasonableness may justify "the court in giving more weight to the conflict." Schexnayder, 600 F.3d at 471. Because Lowery has used the phrase "procedurally unreasonable" in her motion and also cited Schexnayder, this issue will be fully addressed *infra*.

|  |  |
|---|---|
|  | a nervous breakdown for the past three days. Dr. Le diagnoses Lowery with depression and anxiety, but makes no adjustments to her previously prescribed medications (Lunesta and Effexor). See Record Document 36 at 000330. |
| August 28, 2010: | Lowery admitted herself into Willis-Knighton South. See id. at 000272. |
| September 2, 2010: | Lowery was discharged at her own request. Her condition has improved and she "was not suicidal, homicidal, or gravely disabled." Id. at 000272-000273. |
| September 21, 2010: | Lowery had her first visit with Dr. Michael Bell, Psychiatrist. The mini mental status exam score for Lowery was 30 out of 30 and her global assessment of functioning score was 40. Dr. Bell diagnosed her with Panic Disorder, Generalized Anxiety Disorder, Major Depressive Disorder, and Adjustment Disorder with Mixed Mood Conduct Disturbance. He prescribed Effexor, Klonopin, and Neurontin. Pharmacy records revealed that Lowery did not have the Effexor prescription filled at that time of her visit with Dr. Bell. There is also no record that she ever filled the Neurontin prescription ordered by Dr. Bell. See id. at 000365-000366. |
| September 27, 2010: | United advised Lowery that it had received her application for short-term disability benefits and that disability benefits were to be paid through September 28, 2010. United's letter further advised that if Lowery believed her disability benefits should be extended beyond September 28, 2010, she had to submit medical records documenting what complications occurred that prevented her from returning to work. See id. at 000370-000371. |
| September 29, 2010: | Lowery followed up with Dr. Bell at which time her mini mental status exam score was 30 out of 30. Dr. Bell added a prescription of Seroquel. She failed to report to Dr. Bell at this visit that she had not filled the Effexor prescription. See |

|  |  |
|---|---|
|  | id. at 000364. |
| October 13, 2010: | A case review for United was made by Sadie Burr, Nervous and Mental Health Coordinator. She recommended that additional records be reviewed in order to determine whether benefits should be extended. See id. at 000406-000408. |
| November 5, 2010: | Sadie Burr performed a follow up review for United. She noted that Lowery repeatedly scored 30 out of 30 on mini mental status exams suggesting no cognitive impairments. Ms. Burr concluded that there was no evidence to establish that Lowery remained impaired from performing essential duties of her job, which would warrant an undefined lengthy absence from work. See id. at 000402-000404. |
| November 9, 2010: | United sent a letter to Lowery denying her request for disability benefits beyond September 29, 2010. See id. 000267-000269. |
| November 12, 2010: | Lowery filled the Effexor prescription that she had been given months earlier. |
| November 29, 2010: | Lowery exercised her right to appeal. |
| December 13, 2010: | Lowery returned to Dr. Kennedy for one follow up visit, at which time she reported feeling better and less anxiety. See id. at 000207-000208. |
| January 21, 2011: | A claim review was performed by Dr. Timothy Tse of United. He recommended that additional records be provided for consideration, including medical records from Dr. Kennedy, medical records from Ms. Cunningham, and pharmacy records. He also recommended that Dr. Kennedy complete a Behavioral APS before any decision was reached on appeal. See id. at 000398-000400. |
| March 4, 2011: | Lowery was examined by another psychologist, Dr. T.L. Malone, who found Lowery's short term, immediate, and long term memory intact. Dr. Malone further opined that Lowery "is able to |

|                  |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                  |
|------------------|----|
|                  | function psychologically and in an adequate manner within the work place on a sustained basis." See id. at 000146-000147. |
| March 14, 2011:  | A follow up review was done by Dr. Tse. Records from Dr. Kennedy's office, including the Behavioral APS, were provided. However, the requested notes from Ms. Cunningham's office were never made available for review and no additional pharmacy records were provided. Dr. Tse recommended that a follow up request be made to Lowery to provide pharmacy records before reaching a decision on the appeal. See id. at 000393-000397. |
| April 6, 2011:   | Dr. Tse performed a third follow up review for United after receiving the pharmacy records. Upon review, he reached the following conclusions: (1) the diagnosis of fibromyalgia cannot be substantiated and even if it was supported, no physical impairment from fibromyalgia could be substantiated; (2) both Dr. Le and Dr. Bell indicated that while Lowery claimed she had poor concentration, their objective findings consistently did not support such findings, including the perfect 30 out of 30 mini mental status exam scores; (3) the pharmacy records supported the findings that Lowery may not have been compliant with her medication recommendation; and (4) no restriction or limitation of work activities could be assigned from a psychiatric perspective that would have precluded Lowery from doing her light strength job. See id. at 000387-000392. |

Based on this time line of evidence, the Court finds that United did not act arbitrarily or rush to judgment. There was a "rational connection" between the *known* facts and United's final decision on appeal. The administrative record in this matter reveals that United performed at least five case reviews and sought additional information from Lowery and medical providers several times before reaching its final decision. The record also shows that

Lowery repeatedly scored 30 out of 30 on the mini mental status exams performed by her own doctors. Therefore, the Court believes United's determination of April 6, 2011 was supported by substantial evidence and was reasonable.

Now the Court turns to Lowery's argument that United failed to give any consideration to the Social Security Administration's determination of disability and that such failure rendered the denial of benefits procedurally unreasonable. Lowery relies solely upon Schexnayder, 600 F.3d 465, to support her argument of procedural unreasonableness. In Schexnayder, the Fifth Circuit reasoned that failure to address a contrary Social Security Administration award can suggest "procedural unreasonableness" in a plan administrator's decision and that this procedural unreasonableness may justify "the court in giving more weight to the conflict." Id. at 471. The Schexnayder court stated:

> We do not require Hartford to give any particular weight to the contrary findings [Social Security Administration award]; indeed, Hartford could have simply acknowledged the award and concluded that, based on the medical evidence before it, the evidence supporting denial was more credible. It is the lack of *any* acknowledgment which leads us to conclude that Hartford's decision was procedurally unreasonable and suggests that it failed to consider all relevant evidence.

Id. at 471 n. 3.

A review of the key dates relating to the Social Security Administration's determination of disability aids the Court in its consideration of this argument. On March 28, 2011, Long first informed United that Lowery had been *verbally advised* on March 25, 2011 that she was approved for Social Security Disability Insurance Benefits. See Record Document 36 at 000130. United requested a copy of the award letter on March 29, 2011. See id. at 000127. On April 6, 2011, United upheld the denial of Lowery's claim and closed the appeal. See id. at 000121-000126. On April 12, 2011, Long acknowledged, via

facsimile, United's letter of March 29, 2011. See id. at 000108-000109. Long stated that he was "attaching the report of Dr. Richard Williams dated March 29, 2011 as well as the Social Security Award Notification concerning Ms. Lowery dated March 28, 2011." Id. at 000109 (emphasis added). On April 13, 2011, United responded to Long:

> Thank you for your letter of April 12, 2011 regarding Genevieve Lowery.
>
> Please be advised that the Social Security Award Notification was not included with your letter.
>
> A review of the March 29, 2011 evaluation by Dr. Richard Williams has been made. While we appreciate the opinion of Dr. Williams, his report does not change the claim decision from our letter of April 6, 2011.

Id. at 000107. Long did not forward a copy of the award letter to United until April 27, 2011. See id. at 000098-000105.

First, it is important to note that at the time of United's April 6, 2011 decision, Lowery had not submitted the Social Security award letter, despite the fact that the award notification concerning Ms. Lowery was dated March 28, 2011. It is apparent to the Court that Long, Lowery's former attorney, simply failed to submit the Social Security award in a timely fashion. The record establishes that Long had routinely used facsimile as a means to communicate with United on behalf of Lowery and there is no justification given as to why the award notification of March 28, 2011 was not immediately faxed to United.[7] Thus, the award letter was not available and was not part of the administrative record at the time

---

[7]United requested a copy of the award letter on March 29, 2011. Long did not submit the award letter until April 27, 2011. At that time, the administrative record had been closed for approximately three weeks and the appeal had been decided. In light of the factual circumstances of this case, the Court does not believe there was an additional burden upon United, as the administrator, to generate evidence relevant to Lowery's claim when the award letter was within the possession and control of Long/Lowery no later than March 28, 2011.

of the April 6, 2011 decision. See Southern Farm Bureau Life Ins. Co., 993 F.2d at 102 (holding that in evaluating whether an administrator abused its discretion in making a factual determination, a district court may only consider the evidence that was available to the administrator at time of the decision); Vega, 188 F.3d at 289 (stating that evidence which was not a part of the administrative record cannot be admitted in the district court to resolve a factual issue which the administrator relied upon when resolving the merits of the claim).

The Court further finds that the instant matter is distinguishable from Schexnayder. It cannot be said that United failed to give "any acknowledgment" to the Social Security award. United's April 6, 2011 denial letter references the documents reviewed to make a decision on the appeal. See Record Document 36 at 000122. This document list includes "Letter from Attorney, 3/28/11," which is Long's letter informing United that Lowery had been verbally advised on March 25, 2011 that she was approved for Social Security Disability Insurance Benefits. Id. at 000122, 000130. United also "acknowledged" the Social Security award when it informed Long that he had failed to include the award notification in his letter of April 12, 2011. See id. at 000107.

Finally, the Court notes that "while an ERISA . . . administrator might find a social security disability determination relevant or persuasive, the plan administrator is not bound by the social security determination." Horton v. Prudential Ins. Co. of America, No. 02–30439, 2002 WL 31415104, *3 (5th Cir. Oct. 8, 2011). Here, the only information in the record regarding the Social Security award is the basic seven-page award notice. See id. at 000099-000105. The record is devoid of anything detailing the basis and reasoning for the Social Security Administration's determination of disability. Thus, there was no way for

United to even begin to compare the Social Security Administration's determination of disability with the information United had before it. In addition, Lowery has not shown that the definition of "disability" employed by the Social Security Administration is the same, or even similar to, the definition contained within the United policy at issue.

The Court concludes that United's determination was legally correct, reasonable, and supported by substantial evidence in the record. More specifically, Lowery's Social Security disability benefits award in no way renders United's contrary determination at issue here procedurally unreasonable and/or an abuse of discretion.

### III. CONCLUSION

For the reasons stated above, all of Lowery's claims, including her claims for reasonable attorneys fees, costs, and expenses, against United and McElroy Metal are **DISMISSED**. A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of March, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE